UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY PAUL RHODES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13440** |
| **DIANA FOURNIER** | **SECTION: "S"(1)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Jeremy Paul Rhodes, a state inmate, filed this *pro se* and *in forma pauperis* federal civil action against Diana Fournier. This case involves a probate dispute over the estate of plaintiff's grandfather.

The Court must initially examine the basis for federal subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. … [S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. See Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995).

Plaintiff has failed to allege a cognizable claim arising under federal law. Although he filed this civil action on a form intended for use by prisoners asserting civil rights claims under 42 U.S.C. § 1983, that statute simply is not applicable. "Section 1983 creates a private right of action for redressing violations of federal law by those acting under color of state law." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999) (emphasis added). The defendant herein is not a state actor even if she serves as the executrix or administratrix of the grandfather's estate in a state probate proceeding. Howard v. Hopkins, 228 F. App'x 412 (5th Cir. 2007); Goynes v. Goynes, Civ. Action No. 13-5393, 2013 WL 5561773, at *1 (E.D. La. Oct. 8, 2013); Dickson v. Hicks, No. 3-10-CV-1789, 2010 WL 4627803, at *1 (N.D. Tex. Oct. 12, 2010) ("Executors and administrators do not act 'under color of state law' by virtue of their role in state probate proceedings."), adopted, 2010 WL 4627742 (N.D. Tex. Nov. 4, 2010).

There likewise is no basis for federal diversity jurisdiction. "The diversity statute requires 'complete diversity' of citizenship," meaning that "[a] federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." Stiftung v. Plains Marketing, L.P., 603 F.3d 295, 297 (5th Cir. 2010) (internal quotation marks omitted). Plaintiff's proposed complaint does not satisfy the diversity requirement, in that all parties appear to be citizens of Louisiana. The Court therefore concludes that federal diversity jurisdiction is not proper. See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638 (5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

For all of the foregoing reasons, the undersigned finds that there is no basis for federal jurisdiction in this proceeding.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this   22nd   day of November, 2019.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**